

751

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H. Pat Edwards
District Attorney
Dallas, Texas

Dear Sir:

Attention: Mr. Allen Melton

Opinion No. 0-5848
Re: Procedure to be followed
in the sale of land to a
purchaser by a taxing unit
before the expiration of
the redemption period, and
related questions.

Your request for an opinion on the above matters has been received and carefully considered. We quote from your request as follows:

"Your Opinion No. 0-5056 has to do with the sales of land purchased by a taxing unit at a tax foreclosure sale, after the expiration of the redemption period. In this opinion, you distinguish the procedure with respect to sale by the State and sale by the County of the property purchased by the tax sale, and subsequently sold by such taxing unit; you designate conformity to Article 7328 for the sale of state property and Article 1577 for the sale of property held by the County.

"We interpret these particular provisions of your Opinion to apply to the sale of property before the two year period has expired. Yet, in a suit brought in behalf of the state and the county, and possibly other taxing units, where the property is bought in at the tax sale by the State of Texas, such purchase is made for itself and for the use and benefit of the other taxing units involved in the law suit. Under a purchase

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

by the state, it would seem that the state owns the property with restriction, such restriction involving a pro rata interest belonging to the other tax units, such interest being very material in recovery if and when a sale is made. The same is true with respect to the county and to other tax units. For that reason, I am inclined to ask whether Articles 7328 and 1577 are truly applicable; the property is not wholly the property of the taxing unit.

"This particular opinion largely deals with property sold after the two year period has expired. We now have two parcels of land ready for deed, where purchases have been made within the two years of redemption. Am I to understand that it is necessary for a piece of property to be advertised for sale and thus sold at the Court House steps within the two year period of redemption in order for the state to convey, or assign, its interest in the property, and thereby secure each money in settlement of the tax lien. If such is done, what procedure shall we follow; shall we await a request to advertise by a prospective purchaser? Advertising fees increase costs. The effect of such procedure is the virtual elimination of sales and dispositions of property within the redemption period, resulting in keeping the property off the current tax roll.

"If the owner of the property that was sold at a tax sale, after judgment, redeems the property during the two year period by paying off all taxes, penalty, interest and court costs, what type of conveyance is that person entitled to receive in order to clear up his title and remove any trace of divesture as a result of the foreclosure of the tax lien? A mere redemption receipt seems inadequate even if certified to by the comptroller, because there is no release of the interest acquired by the state in a tax receipt such as will restore former title rights. In case of redemption, must the state, or tax unit, require 25% and 50% additional, the same as any purchaser under the provisions of Article 7345b? Or, is payment of all taxes sufficient to clear when penalty, interest and court costs are collected? Also, would a purchaser from the state during the two year period be required to pay the 25% and 50% penalty, such purchaser not being in interest?

"Where a judgment has been taken for taxes on property and the taxpayer was entitled to a homestead exemption, although said exemption had not been claimed and had not been allowed, after judgment the taxpayer makes affidavit with the tax collector and secures an exemption on homestead on the years involved in the suit, to what extent is the judgment then valid? If any person has authority to reduce the judgment after same has become final, even though the taxpayer is entitled to credit, who is the proper party to release the judgment or a part thereof, and how should same be handled?

"We have considered the theory of remittitur and do not feel that it is applicable in this instance. We have likewise considered the theory that no one can settle with the defendant for a sum less than the amount of the judgment. Our view is that the homestead exemption cannot be claimed after judgment, and the taxpayer is not justly entitled to receive same. At any rate, if an instrument is required that may be signed by the County Judge or the Sheriff or the Assessor and Collector of Taxes, or any combination of these, which would find that the judgment had been granted on said date for a certain amount of money bearing interest at 6%, with said taxes being on certain property covering a certain specified number of years, and that the payment of a certain figure had been made to the Tax Collector, or the Sheriff, in full and complete satisfaction of the tax judgment, a complete record would be authenticated and the title regularity would be established; any lien, thusly, could be extinguished, provided the authority can be established in some certain official. No such finding would seem to have the effect of satisfying the judgment where the amount paid in settlement is for less than the amount called for in the judgment itself.

"There is one deed in your office and one deed here, awaiting more information on the way to convey to the purchaser property already bought within the two year period by paying the judgment figure plus interest accrued and court costs. Your help on that point and the others mentioned will aid us greatly."

Honorable H. Pat Edwards, page 4

Our Opinion No. O-5056 has been reconsidered and modified, and a copy of said opinion as modified, which is No. O-5056-A, is enclosed herewith.

We note the statement in your letter that you interpret particular provisions of our Opinion No. O-5056 to apply to the sale of property before the 2-year period has expired. It was not intended for and we do not construe said opinion to apply to the sale of property, where the State or county is the taxing unit making the purchase, before the 2-year period of redemption has expired, but, in Opinion No. O-5056-A, we have considered the 2-year period of redemption to the extent that we have held therein that neither the State nor the county, where either is the taxing unit making the purchase, can make a private sale during that period of time. Article 1577 would be applicable to sales of property before the expiration of the 2-year period where the county is the taxing unit making the purchase, but Article 7328 cannot be so applied where the State is the taxing unit making the purchase, for the reason that it provides for such sale only in the event such property is not redeemed within the time prescribed by law. All other holdings made in said Opinion Nos. O-5056 and O-5056-A apply to the period of time after the expiration of the 2-year period of redemption.

Since no provision has been made for a private sale by the State at any time, and since Articles 7328 and 7345b, Section 9, authorizing the sheriff to make sales do not apply to the redemption period, any question as to whether the sheriff should advertise sales during the redemption period will not arise.

As to the type of conveyance the owner of property should have who redeems same within the 2-year redemption period, this department held in Opinion No. O-950, a copy of which is enclosed herewith, that a purchaser of land at a tax sale acquires no title to the land so purchased until the period of redemption has expired, and that the only right acquired is subject to the right of the owner to redeem at any time within two years by paying the amount prescribed by law. We do not find any statute which makes provision for the execution of a deed, or other conveyance, to the owner of such property where he redeems same within the 2-year redemption period, therefore, it is our opinion that the owner's title, upon redemption, can be cleared of the judgment and tax lien by complying with the statutes hereinafter referred to.

Article 7345b, Section 12, provides, in part, that whenever land is sold under a judgment for taxes, the owner of such property, or anyone having an interest therein, or their heirs, assigns or legal representatives, may, within the 2-year redemption period, redeem same by payment of the amount bid by the purchaser at such sale, including a One ($1.00) Dollar tax deed recording fee and all taxes, penalties, interest and costs thereafter paid thereon, plus twenty-five per (25%) cent of the aggregate total if paid within the first year of the redemption period, and the same amounts, plus fifty per (50%) cent of the aggregate total if paid within the last year of the redemption period.

Article 7258 provides:

"Every receipt for the payment of taxes on property, real, personal or mixed, hereafter paid, as well as those heretofore paid, collected by State, county or municipal officers, may be recorded in the office of the county clerk of the county where the property is situated. On presentation of a tax receipt to the county clerk he shall immediately file the same in the same manner of filing a deed to land, and enter and record such receipt in full in a record book kept by him for the purpose of recording tax receipts, to be called 'Tax Receipt Record,' and shall have the name and number written thereon, and such record shall be notice to all the world of the payment of such tax, and certified copies thereof may be used in evidence on issues involving the same under like rules admitting certified copies of deeds in evidence."

Article 7345b, Section 9, provides, in part, that when property which has been bought by a taxing unit at a sale under foreclosure is sold by it, the proceeds thereof shall be received by it for account of itself and all other taxing units adjudged to have a tax lien against said property, and after paying all costs and expenses shall be distributed among such taxing units pro rata and in proportion to the amount of their tax lien against such property as established in said judgment. Therefore, it is our opinion that such taxing unit would have

the right to accept payment from the owner, or other person entitled to redeem said property, of the amount required for redemption thereof and to issue a receipt therefor, which receipt, when placed of record, as provided by Article 7258, will be sufficient to clear said property from the judgment and tax lien.

Any taxing unit other than the State can also clear said property from the judgment and tax lien by complying with the following statute:

Article 5450 provides, in part, as follows:

"Satisfaction of any judgment in whole or in part may be shown:

** * *

"2. By a receipt, acknowledgment or release signed by the party entitled to receive payment of the judgment, or his agent, or attorney of record, and acknowledged or proven for record as required for deeds."

As to the payment of penalties of 25% and 50% additional to the State in case of redemption, we direct your attention to the holding of this department in Opinion No. O-1939, a copy of which is enclosed herewith, and in which it was held that said penalties should be collected. We here adopt said holding, and this also applies to all other taxing units.

No provision has been made for a private sale by the State during the 2-year redemption period, or at any other time, therefore, no question can arise as to whether a purchaser from the State should be required to pay the 25% or 50% penalties. But, in any event, the statute provides that such penalties are payable only by the owner of the property, or anyone having an interest therein, or their heirs, assigns or legal representatives, upon redemption thereof from the purchaser at foreclosure sale or his assigns.

We do not know of any person who has authority to reduce the amount of a judgment for taxes after the same has become final. Article III, Section 55, of the Constitution, as amended in 1933, is as follows:

"The Legislature shall have no power to release or extinguish, or to authorize the releasing or ex-

tinguishing, in whole or in part, the indebtedness, liability or obligation of any corporation or individual, to this State or to any county or defined subdivision thereof, or other municipal corporation therein, except delinquent taxes which have been due for a period of at least ten years."

Article VIII, Section 10, of the Constitution, is as follows:

"The Legislature shall have no power to release the inhabitants of, or property in, any county, city or town from the payment of taxes levied for State or county purposes, unless in case of great public calamity in any such county, city or town, when such release may be made by a vote of two-thirds of each House of the Legislature."

Article VIII, Section 15, of the Constitution, is as follows:

"The annual assessment made upon landed property shall be a special lien thereon; and all property, both real and personal, belonging to any delinquent taxpayer shall be liable to seizure and sale for the payment of all the taxes and penalties due by such delinquent; and such property may be sold for the payment of the taxes and penalties due by such delinquent, under such regulations as the Legislature may provide."

Statutes have been enacted containing these provisions of the Constitution. Such constitutional and statutory provisions clearly show the zealous care with which the framers of the Constitution and the makers of our laws have sought to safeguard the revenues of the State. They show not only the intent that taxes should constitute a lien upon the land against which they were assessed, but that such lien should continue in force and effect until the taxes secured thereby have been paid, or by act of the Legislature have been released after they have been due for more than ten years. It is our opinion, therefore, that a judgment for taxes cannot be reduced after it becomes

final, except by payment thereof. The only way we know of to release a judgment for taxes in favor of the State is by taking and having recorded a tax receipt, as hereinabove set forth, as no one has been authorized to execute a release thereof.

We have tried to answer all of the questions asked in your request, but, if we can be of any further service to you in this regard, do not hesitate to call upon us.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By *Jas. W. Bassett*
Jas W. Bassett
Assistant

JWB:EP

APPROVED SEP 2, 1943

*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY BW
CHAIRMAN